UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DIANE M. FOLCK,

                        Plaintiff,

                                                      Case # 15-CV-711-FPG

v.

                                                       DECISION AND ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

Diane M. Folck ("Folck" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") that denied her application for disability insurance benefits ("DIB") under Title II of the Act. ECF No. 1. This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 9, 12. For the reasons that follow, this Court finds that the Commissioner's decision is not in accordance with the applicable legal standards. Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On September 25, 2012, Folck protectively applied for DIB with the Social Security Administration ("the SSA"). Tr.[1] 92, 146-52. She alleged that she had been disabled since January 6, 2012 due to a slipped lumbar disc, back and knee arthritis, asthma, chronic obstructive pulmonary disease ("COPD"), gastroesophageal reflux disease ("GERD"), hypertension, high cholesterol, hypothyroidism, goiter and nodules, allergies, and sinus problems. Tr. 185. After

---

[1]     References to "Tr." are to the administrative record in this matter.

her application was denied at the initial administrative level, a hearing was held before Administrative Law Judge Bruce R. Mazzarella ("the ALJ") on March 20, 2014 in which the ALJ considered Folck's application *de novo*. Tr. 60-91. Folck appeared at the hearing with her attorney and testified. *Id.* On May 8, 2014, the ALJ issued a decision finding that Folck was not disabled within the meaning of the Act. Tr. 38-48. That decision became the Commissioner's final decision when the Appeals Council denied Folck's request for review on June 12, 2015. Tr. 1-4. Folck commenced this action on August 11, 2015, seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.   District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II.   Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f). The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate

that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.     The ALJ's Decision

The ALJ's decision analyzed Folck's claim for benefits under the process described above. At step one, the ALJ found that Folck had not engaged in substantial gainful activity since January 6, 2012, the alleged onset date. Tr. 40. At step two, the ALJ found that Folck has the following severe impairments: spondylolisthesis of L4 on L5 and broad-based L5-S1 disc herniation with stenosis and multi-level arthropathy, causing back discomfort; cervical spine degenerative disc disease; degenerative changes of the medial meniscus, degenerative joint disease, and chondromalacia of the left knee; and asthma. Tr. 40-41. At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 41-42.

Next, the ALJ determined that Folck retained the RFC to sit, stand, and walk for an eight-hour workday with normal breaks and meal periods, and lift and carry 20 pounds occasionally and ten pounds frequently.[2] Tr. 42-47. The ALJ also determined that Folck could occasionally stoop, crouch, kneel, or climb stairs, and should not work in unventilated areas that contain high concentrations of dusts, fumes, gases, and vapors. *Id.* At step four, the ALJ found that this RFC

---

[2] The ALJ's RFC determination is consistent with the SSA's definition of "light work," which "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

allows Folck to perform her past relevant work as caseworker or program aide. Tr. 47. Thus, the ALJ's analysis concluded at step four and he determined that Folck was not "disabled" under the Act. Tr. 48.

## II.   Analysis

Folck argues that remand is warranted because the ALJ's RFC determination is not supported by substantial evidence.[3] ECF No. 9-1, at 12-18. Specifically, Folck contends that the ALJ erred when he failed to perform a function-by-function assessment of her ability to perform the physical requirements of light work, especially standing, walking, balancing, and reaching. *Id.* The Commissioner maintains that the ALJ was not required to perform a function-by-function assessment because he applied the correct legal standards and his determination is supported by substantial evidence. ECF No. 12-1, at 14-12. For the reasons that follow, this Court finds that the RFC determination was not supported by substantial evidence and that this matter must be remanded for further administrative proceedings.

"The Act's regulations require that the ALJ include in his RFC assessment a function-by-function analysis of the claimant's functional limitations or restrictions and an assessment of the claimant's work-related abilities on a function-by-function basis." *Palascak v. Colvin*, No. 1:11-CV-0592 (MAT), 2014 WL 1920510, at *10 (W.D.N.Y. May 14, 2014) (internal quotation marks and citation omitted). This means that "the ALJ must make a function by function assessment of the claimant's ability to sit, stand, walk, lift, carry, push, pull, reach, handle, stoop, or crouch, based on medical reports from acceptable medical sources that include the sources' opinions as to the claimant's ability to perform each activity." *Knighton v. Astrue*, 861 F. Supp. 2d 59, 66 (N.D.N.Y. 2012) (citations omitted); 20 C.F.R. §§ 404.1513(c)(1), 404.1569a(a).

---

[3]   Folck advances another argument that she believes warrants reversal of the Commissioner's decision. ECF No. 9-1, at 18-21. However, because this Court disposes of this matter based on the improper RFC determination, that argument need not be reached.

Thereafter, "[t]he claimant's RFC can be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." *Id.* (citation omitted).

Remand is not required, however, simply because the ALJ failed to conduct an explicit function-by-function analysis. *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The ALJ's RFC determination may nonetheless be upheld when his or her analysis "affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous." *Id.* "Remand may be appropriate, however, where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* at 177-78 (citation omitted).

Here, the ALJ found that Folck retained the RFC to perform light work with some additional restrictions, but he did not provide a function-by-function analysis. Tr. 42-47. The ALJ concluded, for example, that Folck can "stand and/or walk for an eight-hour workday," but he never explained how the medical evidence or opinions in the record support that conclusion. Tr. 42-47. The ALJ discounted the only medical opinion as to Folck's ability to stand and walk, which stated that she could stand and walk at least two hours in an eight-hour workday. Tr. 46-47, 399. The only other medical opinion of record, which the ALJ afforded "great weight," did not address Folck's ability to stand or walk in an eight-hour workday. Tr. 45, 47, 344-47. Thus, the ALJ arrived at his conclusion either on his own or based on raw medical evidence and treatment notes. This is problematic because "an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No.

13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (internal alteration and citation omitted).

Moreover, Folck's written submissions, testimony, and reports to her doctors revealed that she often walks with a cane (*see, e.g.*, Tr. 76-77, 202, 428) and that prolonged standing and walking aggravate her back and knee pain (*see, e.g.*, Tr. 81-82, 199, 200, 201, 476). In his decision, the ALJ repeatedly cites to treatment notes stating that Folck had a "normal gait," but he did not explain how those findings indicate that Folck can perform the amount of walking necessary to engage in light work. Tr. 44-46; 20 C.F.R. § 404.1567(b). The ALJ summarizes other evidence in the medical record, but he does not tie that evidence to the physical functional demands of light work or explicitly link that evidence to the RFC determination.

It is apparent that, instead of conducting a function-by-function assessment of Folck's physical abilities and then determining which level of work she could perform, the ALJ reasoned that she could engage in light work because she exercised regularly. Although it is certainly proper for the ALJ to consider Folck's daily activities in the disability analysis, this Court is not convinced that Folck's exercise routine demonstrates that she can perform the functional demands of light work "in an ordinary work setting on a regular and continuing basis," *i.e.*, "8 hours a day, for 5 days a week, or an equivalent work schedule." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (citing S.S.R. 96-7p, 1996 WL 374184, at *2 (S.S.A. July 2, 1996)). In fact, Folck testified that her "senior Zumba class" was only 20 minutes long, that it was "slower than walking," that sometimes she cannot do the moves because of her impairments, and that she needs to lay down for one hour or more afterwards. Tr. 84-85. This, along with her other admitted daily activities, does not provide substantial evidence for the RFC determination.

Without a function-by-function assessment relating the medical evidence and Folck's activities to the physical demands of light work or reliance on a medical source's opinion as to her functional capacity, the ALJ's decision leaves this Court with many unanswered questions and does not afford an adequate basis for meaningful judicial review.  Accordingly, remand is required.

## CONCLUSION

For the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3).  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 13, 2016
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court